UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOBLE GERONIMO MUSA BEY,<br><br>Plaintiff,<br><br>v.<br><br>JESSE SAUCEDO, et al.,<br><br>Defendants. | No. 2:19-cv-2113 TLN DB PS<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff Nobel Geronimo Musa Bey is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the court are plaintiff's complaint and motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF Nos. 1 & 2.) Therein, plaintiff complains about a violation of the Peace and Friendship Treaty. (Compl. (ECF No. 1) at 4.)

The court is required to screen complaints brought by parties proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Here, plaintiff's complaint is deficient. Accordingly, for the reasons stated below, the undersigned will recommend that plaintiff's complaint be dismissed without leave to amend.

////

////

1

# I. Plaintiff's Application to Proceed In Forma Pauperis

Pursuant to federal statute, a filing fee of $350.00 is required to commence a civil action in federal district court. 28 U.S.C. § 1914(a). In addition, a $50.00 general administrative fee for civil cases must be paid. 28 U.S.C. § 1914(b). The court may authorize the commencement of an action "without prepayment of fees . . . by a person who submits an affidavit" showing that she is unable to pay such fees. 28 U.S.C. § 1915(a).

Here, plaintiff's in forma pauperis application reflects that plaintiff receives $2,000 a month in take-home pay, which is equal to the amount of plaintiff's regular monthly expenses. (ECF No. 2 at 1.) Moreover, plaintiff alleges to own an account worth $18,000,000,000. (Id.) In light of plaintiff's stated financial situation, the undersigned finds that plaintiff has failed to show that plaintiff is unable to pay the filing fees. Thus, plaintiff has made an inadequate showing of indigency. See Olivares v. Marshall, 59 F.3d 109, 111 (9th Cir. 1995) ("Requiring the payment of fees according to a plaintiff's ability to pay serves the dual aims of defraying some of the judicial costs of litigation and screening out frivolous claims.").

Moreover, even a determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute. "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)); see also McGee v. Department of Child Support Services, 584 Fed. Appx. 638 (9th Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed IFP because it appears from the face of the amended complaint that McGee's action is frivolous or without merit"); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis.").

The court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a

2

claim on which relief may be granted, or seeks monetary relief against an immune defendant. See 28 U.S.C. § 1915(e)(2). A complaint is legally frivolous when it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

## II. Plaintiff's Complaint

Review of plaintiff's complaint finds that it is deficient in several respects. First, it alleges that the court has federal question jurisdiction over this action pursuant to 18 U.S.C. § 1016, 18 U.S.C. § 1017, 18 U.S.C. § 1028, 18 U.S.C. § 1957, and 18 U.S.C. § 1962. (Compl. (ECF No. 1) at 3.) Those statutes, however, are criminal code statutes. "[A] private citizen has no standing to bring an action for an alleged violation of the criminal code." Mitchell-Bey v. City of Detroit, Civil Action No. 06-11746, 2007 WL 674595, at *3 (E.D. Mich. Feb. 28, 2007).

Additionally, the complaint names as defendants a prosecutor, a judge, and the California Attorney General. (Compl. (ECF No. 1) at 1.) Each of those defendants are entitled to immunity from the complaint's claims for damages. See Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 54 (1996) (Eleventh Amendment bars suits for damages brought by private parties against a state or a state agency); Swift v. California, 384 F.3d 1184, 1188 (9th Cir. 2004) ("It is well established that state judges are entitled to absolute immunity for their judicial acts."); Olsen v. Idaho State Bd. of Medicine, 363 F.3d 916, 922 (9th Cir. 2004) ("Absolute immunity is generally [also] accorded to . . . prosecutors functioning in their official capacities.").

Most importantly, the allegations of plaintiff's complaint are frivolous. In this regard, the complaint alleges that plaintiff is a "Private Moorish American National and the highest interest holder in . . . all matters regarding ex relation ANDRE JEROME MURPHY JR." (Compl. (ECF No. 1) at 4.) The "Defendants' use and transfer of the birth certification of ex relation ANDRE JEROME MURPHY JR. . . . in order to claim jurisdiction . . . over ANDRE JEROME MURPHY JR. was not authorized by highest interest holder, Noble Geronimo Musa Bey." (Id. at 5.)

> This view of legal obligations is espoused by many adherents to the Moorish Science Temple, which was founded in 1913 by prophet Noble Drew Ali. Moorish Science is a heterodox Islamic sect based on teachings of Drew and his "Seven Circle Koran." It is a tenet of Moorish Science that any adherent may adopt any title, and issue any documents, he pleases. Drew told his followers that they are not U.S. citizens and distributed "Moorish Passports." Some members of this sect hand out what they call "security agreements" that purport to oblige strangers to pay hefty sums for using the members' names, which they deem copyrighted under their private legal system.

U.S. v. James, 328 F.3d 953, 954 (7th Cir. 2003).

The complaint alleges that the defendants' actions violated the Treaty of Peace and Friendship between the United States and Morocco of 1787. (Compl. (ECF No. 1) at 4.) As found by many courts, this claim is frivolous. See, e.g., El-Bey v. North Carolina, No. 5:11-CV-00423-FL, 2012 WL 368374, at *2 (E.D. N.C. Jan. 9, 2012) ("any claim based on the contention that Plaintiffs are not subject to the laws of North Carolina because of their alleged Moorish nationality and the Treaty of Peace and Friendship of 1787 is frivolous"); El Ameen Bey v. Stumpf, 825 F.Supp.2d 537, 558 (D. N.J. 2011) ("a litigant's reliance on any Barbary Treaty,

including on the Treaty with Morocco, for the purposes of a civil suit raising claims based on the events that occurred within what is the United States' geographical territory is facially frivolous.").

**III.     Leave to Amend**

For the reasons stated above, plaintiff's complaint should be dismissed. The undersigned has carefully considered whether plaintiff may amend the complaint to state a claim upon which relief can be granted. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

Here, given the defects noted above, the undersigned finds that granting plaintiff leave to amend would be futile.

**CONCLUSION**

Accordingly, for the reasons stated above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's October 18, 2019 application to proceed in forma pauperis (ECF No. 2) be denied;

2. Plaintiff's October 18, 2019 complaint (ECF No. 1) be dismissed without leave to amend; and

3. This action be dismissed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, plaintiff may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."

////

////

////

| | |
|---|---|
| 1 | Plaintiff is advised that failure to file objections within the specified time may, under |
| 2 | certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, |
| 3 | 951 F.2d 1153 (9th Cir. 1991). |

DATED: April 2, 2020

/s/ DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/bey2113.dism.f&rs